8134. TANNER *et al. v.* PEOPLES BANK OF CARROLLTON.

1. There being evidence to authorize the verdict, this court can not say that the verdict is contrary to the evidence.

2. A new trial will not be granted because of excerpts from the charge of the court in which there was no error that would mislead the jury.

DECIDED FEBRUARY 16, 1917.

Complaint; from Carroll superior court—Judge R. W. Freeman. November 3, 1915.

*B. F. Boykin, S. Holderness,* for plaintiff in error.

*W. C. Wright, Leon Hood, R. B. Jackson,* contra.

LUKE, J. Peoples Bank of Carrollton instituted suit against J. R. Adamson, J. M. Walker, C. M. Tanner, and C. L. Walker, alleging, that on July 12, 1912, Walker Lumber and Manufacturing Company executed and delivered to it a promissory note for $5000.58, indorsed by J. R. Adamson, J. M. Walker, C. M. Tanner, and C. L. Walker, and on October 11, 1912, executed and delivered to it a promissory note for $1020; that Walker Lumber and Manufacturing Company subsequently was adjudicated a bankrupt, and that the plaintiff received in dividends from the estate of the bankrupt, as a credit upon these two notes the sum of $2534.38; that the note for $5000.58 was intended by the plaintiff to be a renewal of the balance due upon two other promissory notes executed by said Walker Lumber and Manufacturing Company, and indorsed by J. R. Adamson, C. M. Tanner, J. M. Walker, and C. L. Walker, one dated March 22, 1911, and due November 22, 1911, for $4213.34, and the other dated July 8, 1911, and due October 22, 1911, for $1050.00; that the note for $5000.58 was not to be accepted in renewal of the two notes for $4213.34 and $1050.00, unless the note for $5000.58 was indorsed by C. M. Tanner, and it was the express agreement and understanding between the plaintiff and Walker Lumber and Manufacturing Company that the $5000.58 note would not be accepted in such renewal un-

less so indorsed; that at that time J. R. Adamson was president of the plaintiff bank and was also secretary and treasurer of the Walker Lumber and Manufacturing Company, and delivered said note for $5000.58 to plaintiff, claiming it to be a renewal of the balance due upon the $4213.34 and $1050 notes; that plaintiff did not accept said note for $5000.58 unless it bore the genuine indorsement of C. M. Tanner; that petitioner is advised and informed that C. M. Tanner denies what purports to be his indorsement thereon; that while plaintiff claims that said note bears the genuine indorsement of C. M. Tanner, yet if it should develop or be adjudicated that said C. M. Tanner did not in fact indorse it or authorize such indorsement so as to bind him, then and in that event plaintiff shows that said two notes of $4213.34 and $1050 with credits thereon, which notes are now held by plaintiff, are still valid and subsisting obligations and binding on C. M. Tanner, as he indorsed each of said notes, and that said notes were not to be surrendered or canceled unless said note for $5000.58 was delivered to plaintiff, bearing the genuine indorsement of C. M. Tanner; that if said note for $5000.58 should be found and adjudicated not to have been indorsed by C. M. Tanner, plaintiff prays judgment for the balance due upon the $4213.34 and $1050 notes. Copies of all the notes were attached to petition.

The defendant Tanner pleaded that for want of sufficient information he could not admit or deny that the $5000.58 note was given as a renewal of the other two notes, but he denied that it was not to be accepted by the bank in renewal unless indorsed by him. He alleged that the bank was to accept and did accept the $5000.58 note without his indorsement, and that the notes for $4213.34 and $1050 were delivered to Walker Lumber and Manufacturing Company; that the indorsement on the $5000.58 note was not his signature, and that the same was not his act or deed; that the said indorsement was a forgery; that in January, 1912, the finance committee agreed to lend Walker Manufacturing Company $7,000, without his indorsement; and that there was usury in the notes, unknown to him, that would discharge him. The defendant J. M. Walker pleaded that there was usury unknown to him in the notes, etc.

The jury found that the indorsement of C. M. Tanner, appearing on the $5000.58 note, was not his act; that this note, unless

it bore his genuine indorsement, was not received as a renewal of the two notes for $4213.34 and $1050; and that there was no usury in the notes, and found a verdict against the defendants Tanner and C. L. Walker for the balance due on the $4213.34 and $1050 notes. These defendants filed a motion for a new trial, which was overruled, and they excepted.

1. The evidence on the part of the bank tended to sustain the case as laid; the evidence on the part of the defendants tended to sustain their defenses. The jury were the sole arbiters of the facts, and their verdict gave credence to the contentions of the plaintiff. There being evidence which would authorize the verdict, this court will not set it aside.

2. In view of the evidence, the excerpts from the charge of the court are not subject to the criticisms made in the motion for a new trial. The charge contained no error calculated to mislead the jury.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and George, J., concur.*